UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION AT FRANKFORT

JOHN M. BERRY, JR.,

Plaintiff,

v.

REED N. MOORE, JR., in his official
capacity as Chair of the Kentucky Bar
Association Inquiry Commission,

Defendant.

Case No. _____

**Electronically Filed**

## VERIFIED COMPLAINT

### I.  Preliminary Statement

1.      This is a suit for injunctive and declaratory relief under 42 U.S.C. § 1983,
challenging the Defendant's authority to sanction Plaintiff for engaging in core political
speech protected by the United States Constitution.  Plaintiff — an attorney and member
of the Kentucky Bar Association — has in the past publicly criticized, and seeks in the
future to further publicly criticize, the Kentucky Legislative Ethics Commission's inquiry
into allegations that Senate President David Williams engaged in fundraising
irregularities.  Defendant Moore issued a Warning Letter to Plaintiff stating that the
criticisms violated Kentucky Supreme Court Rule (SCR) 3.130-8.2(a) by publicly
implying that the Legislative Ethics Commission did not conduct its review
appropriately.  Plaintiff asserts that the First Amendment's Free Speech Clause protects
citizens' (including attorneys') right to publicly imply — indeed, to publicly state — that
the Legislative Ethics Commission did not conduct its review appropriately.  Plaintiff

therefore seeks declaratory relief to the effect that SCR 3.130-8.2(a), as applied to this future speech, violates the First Amendment; Plaintiff also seeks injunctive relief barring the Defendant from taking any disciplinary action against him for engaging in that political speech, or otherwise infringing upon his right to engage in political speech protected under the First Amendment.  Plaintiff also seeks declaratory relief finding that SCR 3.130-8.2(a), on its face, constitutes an impermissible content-based restriction of speech in violation of the First and Fourteenth Amendments and seeks injunctive relief barring the Defendant from enforcing its provisions.

## II.      Jurisdiction and Venue

2.      The Court has jurisdiction over this case under 28 U.S.C. § 1331, which provides for original district court jurisdiction over cases presenting federal questions.

3.      Venue is proper pursuant to 28 U.S.C. § 1391(b), because all parties reside in Kentucky, the Defendant (in his official capacity) resides in Franklin County, and a substantial part of the events or omissions giving rise to the claim occurred in the Eastern District of Kentucky.

## III.      Parties

4.      Plaintiff John M. Berry, Jr. (Berry), is an adult citizen of Kentucky, residing in Henry County, Kentucky.  Plaintiff Berry is a licensed attorney and member of the Kentucky Bar Association.

5.      Defendant Reed N. Moore, Jr. (Moore), in his official capacity as Chair of the Kentucky Bar Association's Inquiry Commission (the Inquiry Commission), is charged with initiating, receiving, and processing complaints alleging professional

misconduct by Kentucky attorneys.  The Inquiry Commission is located in Franklin County, Kentucky.

### IV.    <u>Factual Allegations</u>

6.      At all relevant times, Moore acted under color of state law.

7.      On or about June 13, 2007, Richard Beliles, an attorney and State Chair of Common Cause of Kentucky (Beliles), filed a Complaint with the Kentucky Legislative Ethics Commission (LEC) alleging fundraising irregularities by Senate President David Williams.

8.      The LEC conducted a preliminary inquiry into the Complaint's allegations on August 14, 2007.

9.      Plaintiff Berry, in his capacity as a concerned citizen of the Commonwealth, attended the August 14, 2007 preliminary inquiry for the purpose of observing the proceedings.  Plaintiff Berry did not represent any party or witness to the proceedings, nor was his attendance in any way connected to his practice of law.

10.     Before commencing the preliminary inquiry, the LEC directed that those in attendance, including Plaintiff Berry, be excluded from observing the proceedings. Other individuals who were prohibited from observing the proceedings included members of the public, Beliles and various members of the media.  Senate President David Williams was not barred from observing the preliminary inquiry.

11.     After conducting the preliminary inquiry, the LEC issued an Order dismissing the Complaint on August 29, 2007.

12.     On October 5, 2007, Berry sent a letter to the LEC criticizing the manner in which it reached a decision and the decision itself.  [*See attached* Plaintiff's Exhibit 1.]

13.     Mr. Berry then learned that his letter was placed on the LEC's agenda for its October 9, 2007 meeting.  After learning that the letter was placed on the LEC's agenda and before the commencement of the October 9 meeting, Berry provided a copy of his letter to Beliles and various reporters.

14.     At the LEC's October 9 meeting, the LEC discussed Berry's letter and critiqued its contents.  Berry then responded.  Thereafter, Berry provided a copy of the letter to at least two additional persons who contacted him for the purpose of requesting copies.

15.     By letter dated November 9, 2007, the KBA Inquiry Commission notified Berry that it was investigating whether he engaged in unprofessional conduct by publicly disseminating his October 5 letter.  The Inquiry Commission specifically directed Berry to respond whether his October 5 letter contained incorrect or misleading statements in violation of SCR 3.130-8.2(a).

16.     SCR 3.130-8.2(a) prohibits attorneys from making statements "that the lawyer knows to be false or with reckless disregard as to its truth or falsity concerning the qualifications or integrity of a judge, adjudicatory officer or public legal officer, or of a candidate for election or appointment to judicial or legal office."

17.     In compliance with the Inquiry Commission's request, Berry responded by letter dated November 26, 2007, denying that he violated SCR 3.130-8.2(a).

18.     Over the next several months, Berry contacted the Kentucky Bar Association's Office of Bar Counsel by telephone three (3) times to inquire about the status of the investigation.  Finally, on May 29, 2008, Berry sent a written request to the Inquiry Commission requesting information about the investigation's status.  The Office

of Bar Counsel responded to Berry's request on June 10, 2008, notifying him that the Inquiry Commission had authorized further investigation.

19.     By letter dated March 16, 2009 — approximately sixteen (16) months after commencing the investigation — Moore, in his capacity as Inquiry Commission Chair, notified Berry that the Inquiry Commission found that he "did not adequately comply with the requirements of SCR 3.130-8.2(a)" and that the letter constituted a "Warning Letter" pursuant to SCR 3.185.  [*See attached* Plaintiff's Exhibit 2.] Specifically, the Inquiry Commission issued the Warning Letter to Berry for distributing his October 5 letter — not because it contained false or reckless statements — but because, according to Moore, Berry violated SCR 3.130-8.2(a) "by publicly implying that the Legislative Ethics Commission did not conduct its review appropriately."  [*Id.*]

20.     Simultaneous with issuing the Warning Letter, Moore also notified Berry that the Inquiry Commission issued an Order of Dismissal pursuant to SCR 3.185 resolving the investigation.  [*Id.*]  According to Moore, the Warning Letter did "not constitute a record of formal discipline" and the "file [relating to the investigation] [would] be destroyed after one (1) year."

21.     Berry remains dissatisfied with the LEC's resolution of the inquiry into Senate President David Williams' fundraising activities in 2007.  Berry also wishes to distribute his October 5 letter as a means of expressing his disagreement with (and opposition to) the manner in which the LEC conducted its inquiry and the decision it reached.

22.     However, the Inquiry Commission's construction of SCR 3.130-8.2(a) means that Berry faces professional sanctions if he distributes a letter "publicly implying

that the Legislative Ethics Commission did not conduct its review appropriately," even though the letter contains no false or reckless statements. Moreover, because the Inquiry Commission has retained its Warning Letter in Berry's file, Berry faces more severe sanctions as a repeat offender.

23.     Despite Berry's strong desire to further disseminate his October 5 letter, he has refrained from doing so because of the Inquiry Commission's Warning Letter. Specifically, by expressly stating that Berry's October 5 letter violates SCR 3.130-8.2(a), Moore has caused Berry to refrain from disseminating the contents of the letter because Berry seeks to avoid subjecting himself to professional discipline.

24.     By refraining from engaging in his desired speech for fear of imminent prosecution by the Inquiry Commission and/or re-initiation of the previously-dismissed disciplinary action, Berry is now suffering, and will continue to suffer, irreparable harm for which he has no adequate remedy at law.

25.     There are no administrative remedies available to Plaintiff to appeal Defendant's "Warning Letter" or obtain its removal from his file. Thus, Berry has exhausted all available administrative avenues and there are no pending proceedings of any kind against Berry for his public distribution of his October 5, 2007 letter.

## V.     CLAIMS FOR RELIEF

### 1.     First Cause of Action - First Amendment

26.     The Defendant's acts, practices and policies constitute an impermissible infringement of Plaintiff's right to engage in core political speech.

27.     The threat of imminent prosecution or re-initiation of disciplinary proceedings by Defendant, as evidenced by Defendant's Warning Letter asserting that

Berry violated SCR 3.130-8.2(a) and directing him to conform his conduct to the Rules of Professional Conduct, has chilled and continues to chill Berry's core political speech, thereby depriving him of rights secured by the First and Fourteenth Amendments to the United States Constitution.

### 2. <u>Second Cause of Action - First Amendment</u>

28. On its face, SCR 3.130-8.2(a) is an unconstitutional content-based restriction that does not serve a compelling governmental interest, nor is it narrowly tailored to serve a governmental interest.

29. SCR 3.130-8.2(a) distinguishes between those statements that "concern[] the qualifications or integrity of a judge, adjudicatory officer or public legal officer, or of a candidate for election or appointment to judicial or legal office" from all others. Thus, SCR 3.130-8.2(a) impermissibly restricts attorneys' speech on the basis of content and/or viewpoint in violation of the First and Fourteenth Amendments to the United States Constitution.

**WHEREFORE**, the Plaintiff requests that this Court:

1. Declare SCR 3.130-8.2(a) unconstitutional as applied to Plaintiff's speech;

2. Declare SCR 3.130-8.2(a) unconstitutional on it face;

3. Issue preliminary and permanent injunctions barring Defendant from enforcing SCR 3.130-8.2(a) against Plaintiff for any future distribution of his October 5, 2007 letter, or for Plaintiff's future speech substantially similar in content to the October 5 letter;

4. Issue preliminary and permanent injunctions barring Defendant from enforcing SCR 3.130-8.2(a);

5.    Award Plaintiff nominal damages;

6.    Award Plaintiff his costs, including reasonable attorney fees, pursuant to

42 U.S.C. § 1988; and

7.    Grant any additional relief to which Plaintiff may be entitled.


Respectfully submitted,


/s  William E. Sharp
William E. Sharp, Staff Attorney
American Civil Liberties Union of Kentucky
315 Guthrie Street, Suite 300
Louisville, Kentucky 40202
(502) 581-9746
(502) 589-9687 (fax)
sharp@aclu-ky.org

Attorney for Plaintiff

## VERIFICATION

Pursuant to 28 U.S.C. § 1746, I make the following declaration under penalties of
perjury:

I verify that I have read the complaint in this case and that the facts alleged in it
are true, to the best of my knowledge, information and belief.

John M. Berry, Jr.

11-1-09

Date